FILED

10/31/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

**STATE OF TENNESSEE v. JIMMY LEE PEARCE, JR.**

**Appeal from the Circuit Court for Fayette County**
**No. 13-CR-134      J. Weber McCraw, Judge**

_____

**No. W2019-00341-CCA-R3-CD**

_____

The pro se Defendant, Jimmy Lee Pearce, Jr., appeals the Fayette County Circuit Court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jimmy Lee Pearce, Jr., Somerville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Falen Chandler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On July 22, 2013, the Defendant was indicted for possession of more than .5 grams of cocaine with intent to deliver, two counts of assault, evading arrest, and resisting arrest. On December 2, 2013, he pled guilty to the lesser offense of possession of less than .5 grams of cocaine with intent to deliver, and to the other offenses as charged. That same day, the trial court imposed an effective eight year sentence of probation, to be served consecutively to the sentence from another conviction.

On October 27, 2015, a violation of probation report was filed against the Defendant, alleging that he had tested positive for marijuana on three separate occasions.

The Defendant stipulated to the violation and was reinstated to probation. On October 21, 2016, a second violation of probation report was filed against the Defendant, alleging that he had been charged with seven new offenses, failed to report, possessed illegal substances, and posed a threat to society. On October 30, 2017, the trial court entered an order revoking the Defendant's probation.

On January 30, 2019, the Defendant filed a motion to correct an illegal sentence in which he alleged that the trial court erred in revoking his probation because the probationary period, which was ordered to be served consecutively to another sentence, had not yet started. On January 31, 2019, the trial court entered an order denying the Defendant's motion on the ground that his sentence was not illegal.

## ANALYSIS

The Defendant argues that the trial court erred in denying his motion to correct an illegal sentence, asserting that his sentence is illegal because the trial court revoked a probationary sentence which he had not yet begun to serve and the revocation resulted in an effective sentence of continuous confinement. This argument fails because it does not set forth a colorable claim for relief.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). Id. at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. The court held that only fatal errors render sentences illegal. Id.

The Defendant's attack of the revocation of his probation is a claim of trial court error that could have been appealed. The Defendant had the right to appeal the revocation order within thirty days of its entry, but he did not do so. Tenn. Code Ann. § 40-35-311(e)(2); Tenn. R. App. P. 3(b). Instead, he chose to file a Rule 36.1 motion to correct an illegal sentence fifteen months after that revocation. "The order revoking the probation and ordering incarceration . . . may have been erroneously entered, but the sentences were not 'illegal.'" See State v. Tony Arthur Swann, No. E2015-01516-CCA-R3-CD, 2017 WL 2483000, at *4 (Tenn. Crim. App. June 8, 2017). The Defendant is not entitled to relief under Rule 36.1.

Moreover, even if the Defendant's claim of continuous confinement could be interpreted as attacking his underlying sentence, he would still not be entitled to relief. Continuous confinement is prohibited for defendants convicted of non-violent property offenses. Tenn. Code Ann. § 40-35-122(a). None of the Defendant's convictions constitute non-violent property offenses. See id. § 40-35-122(c). Therefore, on the face of the judgments, the Defendant's sentences are legal.

The Defendant has failed to argue, let alone establish, that the trial court did not have authority to enter his sentences. He failed to state a colorable claim for relief; therefore, summary dismissal is affirmed.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

- 3 -